**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-7333**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRIAN KEITH ROGERS,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, Chief District Judge. (3:10-cr-00235-FDW-1; 3:13-cv-00657-FDW)

Submitted: January 15, 2016        Decided: January 29, 2016

Before NIEMEYER, KING, and WYNN, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Brian Keith Rogers, Appellant Pro Se. William A. Brafford, Cortney Randall, Assistant United States Attorneys, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brian Keith Rogers seeks to appeal the district court's order denying Rogers' Fed. R. Civ. P. 60(b) motion for relief from the court's prior judgment* in light of Johnson v. United States, 135 S. Ct. 2551 (2015). The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2012). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. Slack, 529 U.S. at 484–85.

We have independently reviewed the record and conclude that Rogers has not made the requisite showing. The district court

---

* The Rule 60(b) motion was filed in Rogers' 28 U.S.C. § 2255 (2012) postconviction proceeding.

2

lacked jurisdiction to deny Rogers' Rule 60(b) motion on the merits because the claim he raised challenged the validity of his career offender sentence, and thus the motion should have been construed as a successive 28 U.S.C. § 2255 motion. See Gonzalez v. Crosby, 545 U.S. 524, 531–32 (2005) (explaining how to differentiate a true Rule 60(b) motion from an unauthorized second or successive habeas corpus petition); United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003) (same). In the absence of prefiling authorization from this court, the district court lacked jurisdiction to hear a successive § 2255 motion. See 28 U.S.C. § 2244(b)(3) (2012).

Accordingly, we deny a certificate of appealability and dismiss the appeal. We also deny Rogers' motion to amend his informal brief to add a new challenge to his sentence that was not previously presented to the district court. Rogers remains free, however, to pursue the legal issues identified in his Rule 60(b) motion, and motion to amend his informal brief, in a motion pursuant to 28 U.S.C. § 2244 (2012). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED

3